■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BARNEY GIZOWSKI, Appellant.— Motion adjourned to April 28, 1959, at which time the interested parties, including the County Court stenographer, shall report to this court as to what steps have been taken in connection with the memorandum. If the situation of a stenographer is such that in the regular performance of his duties, he is unable to comply with section 456 of the Code of Criminal Procedure, then the burden is on him to inform this court where an appeal is pending and to seek instructions. Memorandum: Defendant was convicted on October 1, 1958 and served and filed a notice of appeal from the judgment of conviction on October 8, 1958. The affidavit of defendant's attorney alleges that shortly after the filing of the notice of appeal he ordered a transcript of the minutes of the trial. Upon inquiry by said attorney on November 11, 1958, January 9 and January 16, 1959 he was informed by the official stenographer that due to the backlog of work and current engagements it was physically impossible to transcribe the minutes "for some time to come". Defendant's attorney thereupon requested an enlargement of the time to perfect his appeal until the September Term of this court. The communication from the District Attorney indicates that the information furnished by defendant's attorney is accurate and that he would not oppose or appear in opposition to the motion. We remind all of the parties and the official stenographer that section 456 of the Code of Criminal Procedure provides that "the clerk of the court in which the conviction was had shall within two days after a notice of appeal shall be served upon him notify the stenographer that an appeal has been taken whereupon the stenographer shall within ten days after receiving

such notice deliver to the clerk of the court a copy of the stenographic minutes of the entire proceedings ". If the provisions of the statute were complied with a transcript in this matter would have been filed in the office of the Chautauqua County Clerk by the official stenographer not later than about October 21, 1958. Notwithstanding any backlog of work or current engagements, the official stenographer must give priority to minutes of this nature so that there will be compliance with section 456 of the Code of Criminal Procedure. A delay until the September Term of this court would mean that instead of 10 days approximately 10 months were required by the official stenographer to comply with the statute. We cannot under any circumstances countenance such delay.